**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Kevin Kennedy,

Plaintiff,

v.

Warden Bean, et al.,

Defendants.

Case No. 2:24-cv-02223-APG-DJA

**Order**

Pro se Plaintiff Kevin Kennedy, who is in the custody of the Nevada Department of Corrections (NDOC), has moved to file a second amened complaint under 42 U.S.C. § 1983. (ECF No. 20). Plaintiff does not seek to add any Defendants, but seeks to add a claim for retaliation and to add additional allegations to his existing deliberate indifference claim. Defendants Jeremy Bean, Michael Butcher, Patrick Moreda and Sergeant Shepard oppose, arguing that amendment would be futile. (ECF No. 22). Plaintiff filed a reply. (ECF No. 24). Given the liberal standards governing amendment, the fact that Plaintiff's amendment is timely, and the fact that Defendants' arguments against amendment are better raised in a motion to dismiss, the Court grants Plaintiff's motion.[1]

## I. Discussion.

Generally, a party may amend its pleading once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. "The court considers

---

[1] The Court does not re-screen Plaintiff's second amended complaint because it is not mandated to screen every proposed amended complaint post-answer. *See Olausen v. Murguia*, No. 3:13-CV-00388-MMD, 2014 WL 6065622 * 4-5 (D. Nev. Nov. 12, 2014).

five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls*., 655 F.3d 984, 995 (9th Cir. 2011). The nonmovant bears the burden of showing why amendment should not be granted. *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986); *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("party opposing amendment bears the burden of showing prejudice"); *United States for use & benefit of Source Helicopters, Div. of Rogers Helicopters, Inc. v. Sayers Constr., LLC*, No. 2:19-v-1602-JCM-EJY, 2020 WL 3643431, at *1 (D. Nev. July 6, 2020) ("The party opposing amendment holds the burden to demonstrate futility."); *Akinola v. Severns*, No. 3:14-CV-00222-HDM, 2015 WL 456535, at *2 (D. Nev. Feb. 2, 2015) ("party opposing the amendment carries the burden of showing why leave to amend should not be granted.").

An amendment is futile only if no set of facts can be proved under the amendment that would constitute a valid claim or defense. *Miller v. Rykoff-Sexton, Inc*., 845 F.2d 209, 214 (9th Cir. 1988). "Denial of leave to amend on [futility grounds] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *GMAC Mortgage LLC v. Nevada Association Services, Inc*., No. 2:13-cv-01157-GMN-NJK, 2018 WL 487101, at *2 (D. Nev. Jan. 5, 2018) (internal citations and quotations omitted). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or a motion for summary judgment." *Id*. (internal citations omitted).

Here, considering the liberal standards for allowing leave to amend and the fact that Defendants carry the burden of showing why amendment should not be granted, the Court grants Plaintiff's motion to amend. Defendants' arguments against Plaintiff's amendment concern futility and the fact that Plaintiff could have asserted his retaliation claim in his first amended complaint. However, denial of leave to amend on futility grounds is rare and it is not clear that no set of facts can be proved under Plaintiff's amendment that would constitute a valid claim.

Additionally, Plaintiff is a pro se litigant and so may not have realized initially that he could allege a retaliation claim. The Court is also obligated to liberally construe Plaintiff's motion to amend. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Moreover, Plaintiff's proposed amendment is timely under the current scheduling order. (ECF No. 29). Defendants' arguments about the statute of limitations and the merits of Plaintiff's allegations are thus better developed through a motion to dismiss. The Court grants Plaintiff's motion to amend.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to amend (ECF No. 20) is **granted.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to **file** Plaintiff's second amended complaint and its exhibits (ECF No. 20-1, 20-2) on the docket and to **issue** summonses to Rivera, Gonzales, Wilkinson, Wright, Luna, Duggan, Bailey, Gordon, Johnson, and Villatora.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to **send** the following to the United States Marshals Service (USMS) for service: (1) ten copies of the complaint and its exhibits; (2) the summonses issued to Rivera, Gonzales, Wilkinson, Wright, Luna, Duggan, Bailey, Gordon, Johnson, and Villatora; and (3) a copy of the under seal submission of the last known addresses for Bailey and Gordon filed at ECF No. 25.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to **send** the following to Plaintiff: (1) a copy of this order; and (2) ten copies of the USM-285 form.

**IT IS FURTHER ORDERED** that Plaintiff has until **August 26, 2026,** to send the USMS[2] one completed USM-285 form for each of the Defendants who have not yet appeared in this case: Rivera, Gonzales, Wilkinson, Wright, Luna, Duggan, Bailey, Gordon, Johnson, and Villatora. Within twenty-one days after receiving a copy of the Form USM-285 back from the

---

[2] Because he is proceeding *in forma pauperis* (meaning, without paying the filing fee) under 28 U.S.C. § 1915, Plaintiff is entitled to rely on the USMS for service. Fed. R. Civ. P. 4(c)(3). The USMS office for the District of Nevada is located at 333 Las Vegas Boulevard South, Suite 2058, Las Vegas, NV 89101-7080.

USMS showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether the defendants were served. If Plaintiff wishes to have service again attempted on an unserved defendant, Plaintiff must file a motion with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant or whether some other manner of service should be attempted.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **October 26, 2026,** to complete service under Federal Rule of Civil Procedure 4(m).

DATED: July 27, 2026,

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE